Federal Deposit Insurance Corporation v. Harry Brown & Co., Ms. Weidner. May it please the Court, Deanna Weidner and David Anderson, and we represent the present holder of the loan documents including a guarantee and a note to Harry Brown Sr. Estate. The present note holder is Cato Rock III, LLC. Should we grant the motion to substitute Cato Rock for FDIC? Please. Absolutely. Why did you oppose it earlier? We didn't oppose it. That's a bit of an exaggeration from their part. What occurred is they claimed there was no jurisdiction. I thought, though, that in the district court there had actually been an effort to substitute and that you had opposed. What occurred in the district court is after the FDIC sold the note, the Brown Estate argued that jurisdiction would be lost if, in fact, it was transferred under Rule 25C, and it was a very large issue that was being raised to try to gain some sort of substantive advantage for the assignment of a note that the FDIC is very much permitted to do. And so in that situation, we said, we don't oppose not transferring it. We didn't actually oppose transferring it. We declined to say, please, please, please transfer it at that point in time. But we've always indicated the true interest, you know, the real party in interest of the loan documents is Cato Rock III. It has been assigned. We produced the assignment documents. There's never been any question whatsoever about who the real party in interest is. I think it's actually an attempt to retain a nonexistent EJIA claim against the FDIC receiver. And so that's why I think there's all this opposing this, which EJIA wouldn't apply to the FDIC as a receiver. I know y'all have been talking about this, but I mean, does our record have anything in it that shows that the guarantee of the estate, Mr. Brown Sr., was sold or transferred to Cato Rock in the record before us? I think it does. But you can't tell me. I can't not represent that to you right at this moment. But when we filed it, there's no dispute that it was, in fact, transferred. It would not be a problem at all to go ahead and substitute that if that would be of any assistance. So we would very much like for that to occur. The FDIC would like that to occur. Why didn't you timely file a motion to substitute it under your assignment documents? I think we did timely file a motion to substitute. I don't think there's any requirement to do that. But we're required to do that in the district court, right? I actually thought that the agreement required that. I thought so, too, that you had to act within 20 days. Actually, the FDIC did not even make notice within 20 days. And so of the transfer and that situation. You knew that you were accepting the loan documents. So why did the FDIC need to give you notice? Well, Cato Rock III bought an entire pool of loans. And so there's many, many loans that are involved. And in that situation, I don't think they were even aware of this particular case happening. Cato Rock wasn't aware? Cato Rock, who was litigating this? Originally, we're talking about immediately after they purchased the pool of loans in the assignment agreement. And so it's a very large pool of loans. It's not as if they just bought this one. So is your answer that it was an oversight? By Cato Rock III LLC? My answer would be that I was still litigating with the FDIC. So I would say it's an oversight on both parts. Or the timing of that situation. And actually, I discussed it with the FDIC thereafter. And you'll see in the letter it says potential substitution. And there were discussions about whether it was needed to be substituted at this point in time. So I don't think the agreement actually requires that it be substituted in all situations. If you look at the language of the agreement, it says, I think they, I know they indemnify as well. So the reason, I think there was a lack of communication due to the large size of the loans, of exactly where each of the loans, what position they were in. As soon as we received notice, actually, once notice went out, a form letter went out, I actually received notice from the Brown Estate. It was the first time I heard of it. So why should we allow substitution instead of just dismissing the appeal? Because the appellate on paper has no interest in the outcome of this proceeding. It's an issue with a real party in interest rather than standing. And the case law provides that, in fact, it's within a court's discretion. It can continue on in the name of the FDIC. However, it's for the benefit of Cato's, the Cato companies. And so in that situation, there's no need nor basis to dismiss the appeal. They're still standing. It is just a real party in interest question. It occurs all the time and oftentimes. Here's my next problem. My next problem is, even if we were to substitute Cato Rock, the entire argument section of your brief is basically copied and pasted from an earlier motion made to the district court. It really, you know, the substance is virtually unchanged. It doesn't really tell us what the district court did wrong or not. It's written almost as if it's directed to the district court instead of to us. And it's not clear to me that you've preserved any argument for our review. Am I wrong? Yes, Your Honor. Yes, that is correct. I agree that there are things in this brief that are copied by the district court. Copied and pasted, right? Yes, Your Honor. That is correct. I would agree with that. But there is factual evidences in here. The legal arguments are in here. The legal argument for a district court, maybe. No, Your Honor. For instance, here I'm looking at it. I'm quoting Langley v. Federal Deposit Insurance Corporation on page 31,  the agreement, not here. But where do you make the argument that the district court heard this is what its standard review was, this is why it was legal error? Here. Okay. Even throughout the statement of the case, there's actually arguments of where the court erred. In the beginning, I'm looking here and I just flipped to this and it said In the argument section of your brief. The standard of review is on page 23. Okay. It says the standard The standard review for questions of laws to NOVO normally findings affect a review on a clearly erroneous standard. However, in this case, the court How do you apply that, though, in the argument section of your brief? I believe it is, in fact, applied. It says The standard review is actually It also goes into the argument section and it applies it. And it says Okay. The court also must consider the substantive evidentiary burden of proof that would apply at trial. In cases of That doesn't tell me what the district court did that was wrong. There's There are several places where the district where what the district court did was wrong. I can point to here. The court missed this on page 27. The court misunderstood the claims and defenses being asserted by the parties. The bank sued for breach of the Brown Senior Guarantee, a contract claim. The bank also sued to avoid the release. The court focused upon the FDIC's claim to avoid the release and required the FDIC to prove that the release had been procured by fraud. By factual findings that should have been determined by a jury by judging the credibility of witnesses and by improperly excluding relevant evidence the court dismissed the FDIC's avoidance claims. The court then found from I think it's throughout the application. That was on page 27. Do you have any questions? No. Do you have any questions?  Thank you, Your Honor. Should we? We should substitute, shouldn't we? Cato Rock is a real party in interest, aren't they? Don't know that with respect to the TOR claims that were tried, Your Honor. Don't know that with respect to the limited guarantee that To the extent that there's an appeal, though, from the judgment of the district court. To the extent that there is. The only party who would have standing to appeal it   It's the only party who would have standing to appeal it. Isn't that right because of the assignment? There was no assignment, Your Honor. I disagree with that. There was no assignment of the two TOR claims that we tried and prevailed on. No assignment of the TOR claims for breach of fiduciary duty and for fraud, count six of the complaint that was litigated, tried, and that which required a state to expend a lot of resources. You're saying the FDIC could assert those TOR claims? We say the record shows that they tried them to judgment and lost. Yeah, they lost. Okay. And they were legally meritless claims, right? Clearly. Yes. So much appeal has been taken, Your Honor. I understand that. To the extent, though, that anyone has any legal rights at stake it seems to me it's got to be Cato Rock, not the FDIC. Then is the court... Are you suggesting the TOR claims no longer exist and there's no appeal from them? Well, I mean, we're both in agreement that the TOR claims are invalid. Absolutely. I don't think it really matters which plaintiff it is. I mean, the receiver doesn't even exist anymore, right? According to the... I mean, is there anything in the record to suggest that it does exist? You don't contend that the receiver still exists, do you? We do not defy the Federal Register notice, no, sir. Okay. What I would suggest to you, though, is if the receiver never had an interest after the sale of these loans, then this case was tried by the FDIC in its corporate capacity because the receiver had no interest to try the... FDIC in its corporate capacity says otherwise, says it didn't know anything about this, right? Says it knows nothing about the appeal, nothing about the trial. Right. And these are not idle points, Your Honor. The state expended tremendous resources defending meritless claims to vindicate the good name of the late Harry Brown Sr. and of Harry Brown Jr., who's with us today, against reckless and scurrilous accusations. And to have the FDIC wash its hands of that, having propagated, preceded, forced this issue, forced this to trial, having told the trial court that it wanted to stay in the case on behalf of Cato. That's what it did. Said to Judge Byron, we want to stay in. We don't want Cato to come in. That's what they told him. I know. And you're correct. The documents that FDIC has now disclosed to this court, which were undisclosed to us, say completely the opposite. That they were obliged, in fact, to substitute, right? No ambiguity to it. Right. And you don't contest that? That there was such an agreement and that's what it says? Correct, Your Honor, and we learned of it when the court did. Yeah, right. I'd urge the court to consider before anything else on the merits. Do you think they preserved any argument? I mean, I'm looking at the blue brief, and it looks like it's all directed to the district court. We agree with you, Your Honor. We said in our principle brief that the appeal should be summarily dismissed because there is no argument for the court to consider. If there are no more questions, do you have any questions? Do you have any? I don't. Thank you for coming. Ms. Wagner, I'm looking at the beginning of the argument section. It says the issues that require the court to alter, amend, or vacate its judgment. It then says Roman numeral one, the FDIC bears the burden to prove. All of these are arguments that would be directed to the district court, not to us. In support of a motion to alter, amend, or vacate a judgment. Oh, under the first sentence. What occurred is the record was not certified, and under the rule, I think we addressed this, but under the rule, what it says is that your brief is due within 40 days, I believe, from the date that the record is certified. And it says if the clerk sends you a letter and the letter is incorrect, you cannot rely on the record. I mean, you cannot rely on the clerk's notice. You have to rely on the fact of 40 days from the date of the record being certified. Actually, none of the exhibits were even sent to the court or anything of that nature. And so we did get a notice that said, I think it was on September 30th. It's written in our reply brief. I believe it is a date. I don't want to represent it if it's not correct. It was about two weeks before a briefing deadline, but it contradicted with the record being certified. And so our briefing time period was cut short significantly. But you knew what had been admitted at trial, even if the record hadn't been certified, right? I did know for the most part what was admitted at trial. What's interesting about it to me is that even so, you referred to stuff in your brief that was excluded by the trial judge from evidence, right? Well, some of this applies to summary judgment arguments. Every argument in the brief appears to me to be directed at the district court because you cut and pasted it. Every single argument. I've not seen a brief like this, this bad, in a long time.  The law is clear that under 1823E, may I address the merits? You can say whatever you want for the next two minutes and 40 seconds. Your Honor, the law and the evidence is cited in this brief. And the purposes and the plain language of 1823E apply directly to this situation. So this involves an insider, Harry Brown Sr. and Harry Brown Jr. were directors of the bank, founders of the bank. Shortly before the bank is failing, they had an oral agreement with Steve Townsend, a CEO, purportedly to release Harry Brown Sr.'s $600,000 guarantee. This was not recorded in the books. It was never... Point me to where, you're referring to an affidavit, right? What's your basis for saying that? What's your proof? Harry Brown Sr. admitted it. I've got a quote in here. But your claim's a fraud. No, Your Honor, that's not... That was in our defense. What occurred is, we have to prove the guarantee. If they want to come in and say no, the burden of proof shifts. We prove the loan and guarantee, they say, all right, affirmative defense, release. At that point in time... And Logan executed the release, right? That's correct, Your Honor. Logan, who did not have authority to execute the release, under state law, federal law... He was accredited administrator? Yes, I believe that was the title. A title similar to that. Is there evidence to suggest that... Where in the record is there evidence to suggest that he lacked authority? There's... In several places. I can point you to a few of them. One is even under the law. So in... I'll give you... This is the second sort of case I have here. I'd like to know what evidence in the record would suggest that he lacked the authority to execute the release. Logan. Let's see. There is a release. He executed it. He worked for the bank as accredited administrator. What suggests that he lacked the authority to execute that release? What evidence? The evidence is... Chris Zadro testified that this would have to be approved by the board of directors and the committee. Chris Zadro testified about Regulation O. When was that admitted by the district court? Do you have a record slide for us? I think I can get it for you. Very, very... Hold on, wait seven seconds. I believe... In other words, I mean, when we're trying to figure this case out, we're looking at your brief. There's no citation to the record or the legal authority that you're relying on. And, you know, the pages 30 to 34 of your brief where you're making some of these really harsh allegations against these folks. You know, if you're going to do that, you need to tell us where that comes from. Yes, Your Honor. I would... I agree with you that citations to the record. I believe that there are citations. I would have to flip through here to find a particular one on authority. I know I can find it if I flip through here and try to find it. Do you have any further questions? Ms. Widener, your time has expired. Okay, I just have one question. So the district court held that the statute of limitations barred all of your claims under Count 6, and that was one of the issues on appeal which the defendants raised. I couldn't find in your brief that you even responded to that. So are you conceding that the statute of limitations does bar all of your issues under Count 6? No, Your Honor, we are not. What the district court ruled is the district court said that there wasn't sufficient evidence for the no-holder to prove either breach of fiduciary duty under state law or concealment. My question is did you address that in your brief, either your initial brief or your reply brief? We did not address the statute of limitations because what the district court held was that it was a lack of evidence. The district court mentioned the statute of limitations but said that did not matter. There's something very close to that in the district court's order. And so the district court did not base its decision on a statute of limitations claim. What the district court said was that there was a lack of evidence. And so the answer to your question is no, it's not in your briefs. No, we did not, because that was not a basis for appeal. Okay, thank you. We are recessed until tomorrow morning. All rise. Thank you.